**KENTUCKY BAR ASSOCIATION, Complainant,**

**v.**

**W. Brent WELKE, Respondent.**

**No. 88-SC-972-KB.**

Supreme Court of Kentucky.

March 16, 1989.

Bruce K. Davis, Kentucky Bar Ass'n, Frankfort, for complainant.

W. Brent Welke, Bismarck, N.D., for respondent.

## OPINION AND ORDER

By Order entered November 22, 1988, this Court ordered respondent, W. Brent Welke, to show cause why he should not be suspended from the practice of law in Kentucky. Respondent had failed to pay his 1988–89 bar dues.

In his Response to the Show Cause Order, respondent states that he has no intention of paying his dues and raises two issues. The issues are (1) whether respondent's First Amendment rights to freedom of speech and association are violated by Kentucky's requirement that all practicing attorneys belong to the Kentucky Bar Association (hereinafter KBA) and (2) whether the KBA is required to offer a deferred or discounted membership due schedule.

■ Respondent cites *Levine v. Supreme Court of Wisconsin*, 679 F.Supp. 1478 (W.D.Wis.1988), for the proposition that Wisconsin had to have a compelling state interest in mandatory membership to outweigh the infringement on respondent's First Amendment rights. Four days before respondent's Response to the Show Cause Order was filed, the United States Court of Appeals, Seventh Circuit, reversed this district court decision in *Levine v. Heffernan*, 864 F.2d 457 (1988). The Seventh Circuit held that *Lathrop v. Donohue*, 367 U.S. 820, 81 S.Ct. 1826, 6 L.Ed.2d 1191 (1961), was still binding precedent. In *Lathrop*, the United States Supreme Court concluded that a state may "constitutionally require ... the costs of improving the profession ... be shared by the subjects and beneficiaries of the regulatory program, the lawyers," "in order to further the State's legitimate interests in raising the quality of professional services." *Lathrop*, 367 U.S. at 843, 81 S.Ct. at 1838, 6 L.Ed.2d at 1205.

*Lathrop* uses a legitimate state interest standard as opposed to the compelling state interest test set out by the district court in *Levine v. Supreme Court of Wisconsin, supra*. Mandatory bar membership in a state bar association is constitutional if the bar association serves a "legitimate" state interest. The Seventh Circuit listed a number of "important activities" that the Wisconsin bar engaged in, including involvement in continuing legal education programs and attorney discipline, and held

that mandatory membership in the Wisconsin bar was constitutional. Like the Wisconsin Bar, the KBA is involved in continuing legal education programs and attorney discipline. These activities serve the legitimate state interest of "raising the quality of professional services," *Lathrop*, 367 U.S. at 843, 81 S.Ct. at 1838, 6 L.Ed.2d at 1205, therefore, mandatory membership in the KBA is constitutional.

■ Next, respondent argues he is entitled to a deferred or discounted membership dues schedule. This schedule would reduce his bar dues by an amount equal to the portion of the dues used by the KBA for political activities or for projects which respondent opposes.

If respondent wishes to advance such an argument, he should file a declaratory judgment action challenging the amount. This Court will not reach the issue in this Opinion. The present record contains "no description of any specific measures [the member] oppose[s], or the extent to which the State Bar actually utilized dues funds for specific purposes to which he ... objected." *Id.* at 846, 81 S.Ct. at 1840, 6 L.Ed.2d at 1207.

■ For non-payment of his 1988–89 bar dues, respondent, W. Brent Welke of North Dakota, is hereby suspended from the practice of law in the Commonwealth of Kentucky. This suspension shall be effective on the date this Order is entered. Respondent may apply for reinstatement to membership under the provisions of SCR 3.500. Respondent shall pay the cost of all Orders.

All Concur.

ENTERED: March 16, 1989.

(s) Robert F. Stephens
Chief Justice